```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

ROQUE "ROCKY" DE LA FUENTE,    )
                               )
            Plaintiff,         )
                               )
      v.                       )    1:16-cv-470
                               )
STATE OF NORTH CAROLINA;       )
RHONDA K. AMOROSO, in her      )
official capacity as Secretary )
of the North Carolina State    )
Board of Elections; and DOES   )
1-20 inclusive,                )
                               )
            Defendants.        )

## MEMORANDUM ORDER

Before the court is Defendants' motion to dismiss Plaintiff Roque (a/k/a Rocky) De la Fuente's amended complaint seeking placement of his name as a candidate for President on North Carolina's ballot for the November 2016 general election. (Doc. 11.) The motion is briefed and ready for decision. For the reasons set forth below, the motion will be granted and the action dismissed.

I.   BACKGROUND

Plaintiff De La Fuente contends he is a candidate for President of the United States and seeks to be listed on North Carolina's ballot for the 2016 presidential election. (Doc. 5 at

1.)[1]  He previously appeared on North Carolina's 2016 primary ballot as a Democratic candidate for President and lost.  (Doc. 15 at 3-4.)  By his own admission (Doc. 5 at 1; Doc. 15 at 3-4, 7-8), he has failed to meet North Carolina's statutory requirements to appear on the general election ballot by failing to garner the required number of signatures on a petition to the State and by failing to submit such a petition before the statutory deadline.  See N.C. Gen. Stat. § 163-122(a)(1).  De La Fuente now asks this court to declare these provisions unconstitutional, which he contends will then permit his name to be placed on the November ballot.

It is clear, however, that including De La Fuente on the ballot would violate North Carolina's "sore loser" statute, which prevents a candidate who lost a primary contest from running as an unaffiliated candidate for the same office in the same year.  See id. § 163-122(a).  Consequently, the court concludes that it lacks subject matter jurisdiction over this action because De La Fuente lacks standing.[2]  Defendants' motion will therefore be granted.

---

[1] De La Fuente is apparently also a candidate for U.S. Senate in the State of Florida as a member of the Democratic Party.  (Doc. 12 at 3, 9.)

[2] The State of North Carolina also seeks dismissal on the grounds that it is immune from suit under the Eleventh Amendment.  De La Fuente does not contest this ground (Doc. 15 at 5), and the action against the State is dismissed on that ground as well.  Defendants further argue that the amended complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Although the court does not need to reach this

2

## II. ANALYSIS

Confronted with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), De La Fuente bears the burden of establishing his standing to bring his claim; that is, injury in fact; causation; and redressability. White Tail Park, Inc. v. Stroube, 413 F.3d 451, 458-59 (4th Cir. 2005). Because standing is "an indispensable part of the plaintiff's case," De La Fuente must support each element "in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation." Id. at 459 (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)). At the pleading stage, "general factual allegations of injury resulting from defendant's conduct may suffice." Id. (quoting Lujan, 504 U.S. at 561). In deciding a motion to dismiss under Rule 12(b)(1), this court may consider evidence outside the pleadings. Id. (citing Richmond,

---

argument, it is noteworthy that the Fourth Circuit has rejected similar constitutional challenges to North Carolina's signature requirements, see McLaughlin v. N.C. Bd. of Elections, 65 F.3d 1215, 1226 (4th Cir. 1995) (upholding North Carolina's signature requirement for new parties, which is identical to the requirement for unaffiliated candidates); Greene v. Bartlett, No. 10-2068, 2011 WL 4842634, at *1 (4th Cir. Oct. 13, 2011) (concluding that "§ 163-122(a)(2) does not run afoul of either the First Amendment or the Equal Protection Clause"), and petition deadlines, Pisano v. Strach, 743 F.3d 927 (4th Cir. 2014) (upholding North Carolina's petition deadline for new parties, which is earlier than the deadline for unaffiliated candidates). Because the court is dismissing De La Fuente's claims on the grounds set forth, it need not reach any of these additional grounds raised by Defendants.

3

Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

De La Fuente lacks standing to bring his claim because he fails to demonstrate that a favorable decision would be likely to redress his alleged injuries. See Lujan, 504 U.S. at 561. In particular, even if this court held unconstitutional the portions of § 162-122(a)(1) he challenges, De La Fuente would not be included on North Carolina's presidential ballot because he is not a member of a registered political party and, because he lost in the primary on the Democratic ticket, fails to comply with North Carolina's sore loser statute.

Like many other States, North Carolina has a sore loser statute, N.C. Gen. Stat. § 163-122(a), that prevents a candidate who previously ran but lost in a primary contest from running as an unaffiliated candidate for the same office in the same year. De La Fuente does not challenge this provision or seek leave to amend his complaint to do so.[3]

Instead, De La Fuente offers new information that the Reform Party nominated him as its presidential candidate on August 9, 2016, and contends that since he is the Reform Party's nominee, he is not an "unaffiliated" candidate and thus falls outside § 163-

---

[3] The Supreme Court and Fourth Circuit have upheld similar statutes. See Storer v. Brown, 415 U.S. 724, 736 (1974); Backus v. Spears, 677 F.2d 397, 399 (4th Cir. 1982) (referring to a post-Storer challenge to South Carolina's sore loser statute as "frivolous").

4

122(a)'s scope.  (Doc. 15 at 7-8.)  Of course, if this were true, his challenges to § 163-122(a)'s other provisions would be moot, since those provisions apply only to unaffiliated candidates. Regardless, the Reform Party does not qualify as a political party for North Carolina election law purposes.  As Defendants demonstrate (Doc. 16-1), the Reform Party has not satisfied North Carolina's requirements to become a new political party.  See N.C. Gen. Stat. § 163-96.  As such, De La Fuente remains unaffiliated and, consistent with the rest of his claims, is subject to § 163-122(a).

Therefore, even if this court ruled in De La Fuente's favor and declared unconstitutional the challenged provisions of § 163-122(a)(1), North Carolina's sore loser statute would prevent his inclusion on the ballot.  Thus, De La Fuente has failed to demonstrate that a favorable decision could redress his alleged injuries, and his claims fail for lack of standing.  Accord Fuente v. Illinois, No. 16-cv-06984, 2016 WL 5720349 (N.D. Ill. Oct. 3, 2016) (dismissing a similar complaint for lack of standing based on Illinois's sore loser statute).

In his opposition to the motion to dismiss, De La Fuente argues that he should be given leave to amend his complaint again to name the remaining members of the State Board of Elections as well as its executive director and to include information about De La Fuente's nomination from the Reform Party.  (Doc. 15 at 5-8.)

While courts should give leave freely "when justice so requires," Fed. R. Civ. P. 15(a), they may deny it as futile "when the proposed amendment is clearly insufficient or frivolous on its face." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 200 (4th Cir. 2014) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986)). Here, De La Fuente has not filed a formal motion for leave to amend, nor has he attached a copy of a proposed amended complaint required by this court's local rules. See L.R. 15.1. But there is no need to put De La Fuente to this extra burden because none of the proposed amendments saves his claims. The additional parties will not cure the redressability problem, and the Reform Party information sought to be added, if taken as true (as it has been here), would not lead to a different outcome for the reasons noted. The proposed amendment would therefore be futile and would be denied.

**III. CONCLUSION**

For the reasons stated, the court finds that De La Fuente has not met his burden of demonstrating that he has standing to bring his claim and that this court therefore lacks jurisdiction over the subject matter of this action.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 11) is GRANTED and that this action is DISMISSED WITH PREJUDICE.

6

IT IS FURTHER ORDERED that De La Fuente's requests for leave to amend his complaint (Doc. 15 at 5-6, 8), even if construed as a proper motion, are DENIED.

                                                      /s/    Thomas D. Schroeder
                                                      United States District Judge

October 11, 2016